APPEAL AND ERROR (§ 430*)—APPEAL BY THIRD PERSONS—NECESSITY OF CITATION—DISMISSAL.

In an appeal by third persons from an order of seizure and sale, their failure to cite, or demand citation of, the defendant is fatal to the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2173, 2174, 3126; Dec. Dig. § 430.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by J. B. Levert against the Shirley Planting Company. From an order of seizure and sale, Chester F. Knoll and another were granted a devolutive appeal. Appeal dismissed.

Cappel & Cappel, of Marksville, and Woodville & Woodville, of New Orleans, for appellants Chester F. Knoll and James L. Knoll. Charles F. Borah and Henry G. Bloch, both of New Orleans, for appellee.

On Motion To Dismiss Appeal.

LAND, J. Plaintiff sued out executory process against two certain plantations belonging to the defendant company. Chester F. Knoll and James L. Knoll, representing themselves as stockholders of said company, petitioned for, and were granted, a devolutive appeal from the order of seizure and sale.

Plaintiff has moved to dismiss the appeal on the ground that the appellants did not pray for the citation of the defendant company, and that as a matter of fact no citation was served on said company.

The motion to dismiss is well taken. In an appeal by third persons, the failure to cite, or demand citation of, the defendant is fatal to the appeal.

"This court has no power to reverse the judgments of inferior tribunals, where the parties thereto are not before it."

See Escoubas et al. v. Calcasieu Sulphur Mining Company et al., 33 La. Ann. 484; State v. Wickliffe, 21 La. Ann. 755. The jurisprudence on this subject is uniform. See Handlin v. Dodt, 110 La. 936, 34 South. 881, and cases there cited.

It is therefore ordered that the appeal herein be dismissed, with costs.

---

(65 South. 112)

No. 19,573.

McWILLIAMS v. COMEAUX.

(April 13, 1914. Rehearing Denied May 11, 1914.)

*(Syllabus by the Court.)*

TIME (§§ 4, 9*)—PRESCRIPTION — "RECKON FROM."

It is well settled that, to "reckon *from*" a particular day, for the purposes of prescription, means that the reckoning begins from and *after*, and does not include, the day reckoned from. Hence, reckoning a period of ten years *from* February 13, 1901, in order to determine the question of the peremption vel non of the inscription of a mortgage, the day mentioned (being that of the original inscription) should be excluded, and the whole of February 13, 1911, should be included.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 4, 11–32; Dec. Dig. §§ 4, 9.*]

Appeal from the Twenty-First Judicial District Court, Parish of Iberville; Calvin K. Schwing, Judge.

Action by Jacob McWilliams against R. G. Comeaux, wherein interventions and third oppositions were filed by the Iberville Bank & Trust Company, C. M. Roth, and J. McWilliams. From the judgment, the Bank appeals. Affirmed.

Borron & Wilbert, of Plaquemine, for appellant. Pugh & Lemann, of Donaldsonville, and J. Howell Pugh, of Plaquemine, for appellee.

### Statement of the Case.

MONROE, C. J. On February 11, 1901, Jacob McWilliams (plaintiff herein) and Charles N. Roth (intervener and third opponent) sold to R. G. Comeaux (defendant) the Medora plantation, lying partly in Iberville and partly in the adjoining parish of West Baton Rouge, and, in part payment of the price, received five notes, of $5,000 each, secured by mortgage and vendor's privilege, and made payable in from one to five years; three of the notes falling to McWilliams, and two to Roth. The mortgage was inscribed in Iberville parish on February 11, 1901, and reinscribed on February 10, 1911, and was inscribed in West Baton Rouge parish on February 13, 1901, and reinscribed on February 13, 1911. On February 11, 1911, plaintiff caused executory process to issue upon the note which had first fallen due, and the mortgaged property was seized and advertised to be sold on April 1st. On March 31st the Iberville Bank & Trust Company intervened as the holder and owner of three notes which had been executed by the defendant on January 24, 1906, secured by mortgage of that date, and made payable in December of that year; and it alleged that the reinscription on February 13, 1911, in the parish of West Baton Rouge, of the mortgage sued on was made more than ten years after the date of the original inscription, and hence after the mortgage had perempted, and that, quoad that portion of the plantation lying in said parish, the mortgage held by it had therefore acquired the first rank. Wherefore it prayed for separate appraisements of the portions of the property lying in the two parishes, and that it be paid from the proceeds of the sale the pro rata attributable to the debt due it, from the portion lying in West Baton Rouge, by preference over the seizing creditor and all others. The separate appraisements were accordingly ordered and made, and the property was offered for sale on April 1st, but, there having been no sufficient bid, was readvertised, and on April 22d was adjudicated, on twelve months' bond, to McWilliams & Roth for $15,000; both of said parties having, in the meanwhile, intervened and asserted their rights as holders of the vendor's notes other than that sued on. The facts are admitted, and, as the prescription of the notes is shown to have been interrupted, the only question presented for decision is whether the reinscription of the mortgage sued on upon February 13, 1911, was made within ten years from February 13, 1901, the date of the original inscription. The judge a quo decided that question in the affirmative, and the bank has appealed.

### Opinion.

The Civil Code declares that:

"Art. 3369. The registry preserves the evidence of mortgages and privileges during ten years, reckoning from the day of its date; its effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, in the manner in which they were first made. * * *

"Art. 3467. The time required for prescription is reckoned by days, and not by hours; it is only acquired after the last day allowed by law has elapsed."

It is well settled in our jurisprudence that to "reckon *from*" a particular day means that the reckoning begins from and *after*, and does not include, the day reckoned from. Hence reckoning a period of ten years from February 13, 1901, excludes that day, and

includes the whole of the 13th day of February, 1911. C. C. art. 3467; Chestnut v. Hughes, 22 La. Ann. 616; Jones v. Texas & Pac. R. Co., 125 La. 542, 51 South. 582, 136 Am. St. Rep. 339; Rady v. Fire Ins. Patrol, 126 La. 276, 52 South. 491, 139 Am. St. Rep. 511.

Judgment affirmed.

PROVOSTY, J., takes no part, not having heard the argument. O'NIELL, J., takes no part.