## SARTOR et al. v. UNITED GAS PUBLIC SERVICE CO.
### No. 2682.

District Court, W. D. Louisiana, Monroe Division.

July 16, 1937.

G. P. Bullis, of Vidalia, La., for plaintiff.

Sholars & Gunby, of Monroe, La., and Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This suit was filed November 21, 1935, and is for an alleged excess in the value or price of gas produced by the defendant and its predecessors in title from the lands of plaintiff over what is admitted to have been paid, to wit, three cents per thousand cubic feet. The petition demands a royalty on gasoline produced from the said gas, as well as all sums deducted for severance taxes on the one-eighth interest or royalty of the plaintiffs.

Defendants have filed: First, a plea of prescription of three years under article 3538 of the Revised Civil Code; second, a motion to dismiss, and in the alternative, motions to strike certain portions of the demands, and to transfer the case to the equity docket.

The plea of prescription is based upon the proposition that plaintiffs allege they did not discover the facts entitling them to demand a higher price for the gas until November 21, 1932, in the trial of the case of Pardue against this same defendant, and the petition in the present case was not filed until November 21, 1935.

Plaintiff replies that it was within the three years' prescriptive period since the first day, to wit, November 21, 1932, should not be counted. However, he cites no authority, and as usual, leaves it to the court to do the "digging."

The demand is governed by article 3538, as for rent, which provides:

"The following actions are prescribed by three years:

"That for arrearages of rent charge * * * of the hire of * * * immovables."

In counting prescription, as contended by plaintiff, the first day is not considered, so that the three-year period ended at midnight on the 21st of November, 1935, and the petition in this case having been filed on this day was in time. See Wartelle v. King et al., 10 La.Ann. 655; Board of Commissioners of Caddo Levee Dist. v. Pure Oil Co., 167 La. 801, 127 So. 373.

There are other contentions as to the interruption of prescription, which will be referred to the merits and can be covered in charges as to the law when the case is tried.

The motion to dismiss is based upon the contention that plaintiffs' petition does not disclose a cause of action. This phase of the matter has been considered in many other similar cases, and I do not deem it necessary to repeat what was said there. The motion will be overruled.

The motion to strike the demand for the sum deducted as plaintiffs' proportion of the severance taxes will be sustained on the authority of rulings heretofore made in other cases, and the most recent expression of the Supreme Court of the state interpreting the severance tax law in its application to lessor and lessee. Mrs.

J. M. Sartor v. United Gas Public Service Co., 186 La. 555, 173 So. 103.

The motion to strike the demand for royalties on gasoline extracted from gas will also be sustained on authority of the decisions of this court in other cases in which the question was thoroughly considered.

Similar motions to transfer to the equity docket of cases identical in their issues have been denied by this court, and nothing has been advanced in this instance to cause a change in my views.

For the reasons assigned the plea of prescription will be referred to the merits; the exception of no cause of action will be overruled; the motion to strike the demand for severance taxes will be sustained, as well as that for royalties on gasoline; and the motion to transfer to the equity docket will be denied.

Proper decree should be presented.