This is a suit in which the New York Life Insurance Company, the owner of the Maritime Building in the City of New Orleans, seeks to recover the sum of $753, as office rent, from Charles A. Palermo. The suit, as originally brought, was against Augustus G. Williams and Charles A. Palermo and judgment was asked against both defendants in solido. During the trial of the case below the plaintiff settled its claim claim against Williams for the sum of $200, and an order of court dismissing Williams as party defendant was signed on October 16, 1945, a fact which appears to have been overlooked by the trial judge because the judgment rendered nearly one year later or July 15, 1946, runs against both Williams and Palermo, in solido, in the full *Page 229 
amount prayed for. Defendant Palermo alone has appealed to this Court.
Augustus G. Williams and Charles A. Palermo entered into a contract of lease for one year of certain office space in the Maritime Building. The lease was dated October 1, 1937, and expired September 30, 1938. The lessees continued to occupy the office space until January 31, 1940, at which time they owed $950 for rent. Recognizing that the lessor had a lien upon their office furniture for the payment of the rent due, no attempt was made, at the time the office was vacated, to remove their furniture, but on March 30, 1940, by agreement with plaintiff's agent, the furniture of Williams was released upon the payment by him of $100, and on April 1, 1940, that of Palermo by payment of the sum of $97.
The lease contained a clause reading as follows:
"The lease is to be considered renewed on its same terms and conditions from year to year for periods of one year, unless a written notice to the contrary is given by either party to the other, at least ninety days prior to the expiration hereof, or any renewal of same."
There was much discussion below and argument in this court concerning the effect of this provision, the defendant taking the position that the lease did not renew itself automatically by virtue of this clause, but was reconducted from month to month. However, in our opinion, this question is of no importance since there is no claim here for rent beyond the actual period of occupancy.
[1] The next point raised by defendant's counsel is that the settlement with Williams released Palermo, citing Article 2101 of the Revised Civil Code, which reads as follows:
"The creditor, who receives separately the part of one of the debtors, without reserving in the receipt the debt in solido or his right in general, renounces the debt in solido, only with regard to that debtor.
"The creditor is not deemed to remit the debt in solido to the debtor when he receives from him a sum equal to the portion due by him, unless the receipt specifies that it is for his part.
"The same is to be observed of the mere demand made of one of the codebtors, for his part, if the latter has not acquiesced in the demand or if a judgment has not been given against him."
In the judgment based upon the compromise which was provoked by the joint motion of plaintiff and Williams, it is expressly provided that the plaintiff reserves its right to "proceed against the other defendant in solido, Charles A. Palermo, as though this compromise had not been made with Augustus G. Williams."
Article 2203 of the Revised Civil Code provides:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
"In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission."
It is apparent, therefore, that this point is without merit.
[2] The next defense raised is that of prescription. The prescription applicable is that of three years as established by article 3538 of the Revised Civil Code. As we have said, Williams and Palermo vacated the office on January 31, 1940, so that the prescription normally would have accrued on January 31, 1943, and since the suit was not filed until two months later it would have been too late. However, there were two payments of $100 and $97 made on March 30 and April 1, 1940, respectively. These payments are relied upon by plaintiff as interrupting prescription. The suit was filed on April 1, 1943, the third anniversary of the last payment made on account. Palermo contends that this was not a payment on account but a repurchase of furniture which he had abandoned to the lessor and, in the alternative, that prescription had accrued when the suit was brought on the 1st day of April, 1943, because three years had elapsed since the payment which was made on April 1, 1940. It is true, that the amount of these payments were determined by what the agent of the plaintiff believed the furniture would bring at auction, as *Page 230 
appears from the testimony in the record but it is, nevertheless, true, that the lessor at no time had any title to this furniture. The fact that it was subject to its lessor's lien did not amount to ownership, consequently, it must be considered that these payments were on account of the indebtedness of defendant, and in consideration of the release of plaintiff's lien, but not a repurchase for plaintiff at no time owned the furniture.
In McWilliams v. Comeaux, 135 La. 210, 65 So. 112, in a syllabus by the Court, it was said:
"It is well settled that, to 'reckon from' a particular day, for the purposes of prescription, means that the reckoning begins from and after, and does not include, the day reckoned from. Hence, reckoning a period of ten years from February 13, 1901, in order to determine the question of the peremption vel non of the inscription of a mortgage, the day mentioned (being that of the original inscription) should be excluded, and the whole of February 13, 1911, should be included."
In Sartor et al. v. United Gas Public Service Co., D.C.,20 F. Supp. 660, it was held:
"In counting prescription, as contended by plaintiff, the first day is not considered, so that the three-year period ended at midnight on the 21st of November, 1935, and the petition in this case having been filed on this day was in time. See Wartelle v. King et al., 10 La. Ann. 655; Board of Commissioners of Caddo. Levee Dist. v. Pure Oil Co.167 La. 801, 127 So. 373."
[3] The prescription had almost but not quite run since suit was brought on the last day before it had accrued. The plea must be overruled.
[4, 5]As previously stated the judgment dismissing Williams was signed on October 16, 1945, but on July 9th, 1946, judgment was rendered against both Williams and Palermo in solido. This was obviously an error, but since no appeal has been taken by Williams we cannot correct it. Article 556 of the Code of Practice declares that judgments "may be revised, set aside or reversed: 1. By a new trial. 2. By appeal. 3. By action of nullity. * * *." However, we cannot ignore the fact as appears from the judgment in the record and the admission made in oral argument and in brief that Williams has settled with plaintiff for the sum of $200, which should inure to the benefit of Palermo. On the whole we have concluded that the interest of justice would best be sub-served by remanding the case, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed and remanded.