No. 5113.

JOHN J. CARRUTH *v.* CARTER & BROTHER.

*The note sued upon in this case was deliberately given, and was secured by mortgage. No fraud is alleged. Whether usurious interest was included in it or not is immaterial under the laws of the State.*

*Besides, after several partial payments had been subsequently made, a settlement was had, and the defendants, again in writing, acknowledged themselves to be indebted to the plaintiff in the sum claimed.*

APPEAL from the Tenth Judicial District Court, parish of St. Helena. *Kemp,* J. *W. C. Pipkin* and *E. F. Russell,* for plaintiff and appellee. *T. & E. J. Ellis,* for defendants and appellants.

LUDELING, C. J. This is a suit to recover the balance due on a mortgage note. The defense is partial failure of consideration and usury. There was judgment in favor of the plaintiff and the defendants have appealed.

On the trial the defendants offered themselves and another witness to prove the usury and what they said was an error in the amount of the note. The testimony was objected to and the evidence was rejected, on the grounds that plaintiff was a third party who had acquired the note before maturity, and was not bound by prior equities.

The judge *a quo* erred in supposing the plaintiff a third party. But if the testimony were in the record, it would not change the opinion we entertain. The note was given deliberately, and was secured by a mortgage, and no fraud is alleged. Whether usurious interest was included in it or not is immaterial, under the laws of this State. Subsequently, after several partial payments had been made, a settlement was had, and the defendants, again, in writing, acknowledged themselves to be indebted to the plaintiff in the sum claimed.

It appears, however, that since that settlement, a further payment of $400 was made on the twelfth of December, 1871, and the judge *a quo* erred in not allowing this credit.

It is therefore ordered and adjudged that the judgment of the lower court be amended by allowing a credit of four hundred dollars on the twelfth of December, 1871; that, as thus amended, the judgment be affirmed. Costs of appeal to be paid by the appellee.

Rehearing refused.