## No. 9963.

MUTUAL NATIONAL BANK OF NEW ORLEANS VS. JAMES REGAN, ET AL.

It appearing that defendant is the owner of the mortgage notes herein concerned and that he has actually paid the maker the face value thereof less a discount of *nine* per cent, he is entitled to recover the whole amount thereof, notwithstanding the inclusion of such usurious interest therein, under Art. 2924 Rev. C. C.

2

In an action to cancel and annul a mortgage on allegations of fraudulent simulation, where the holder of the mortgage notes has actually reduced them by indorsement thereon, before suit to the amount actually due and correctly admits such reduction in his answer to the suit, and where the reality and good faith of his mortgage to the full extent claimed by him are clearly established, the mere failure to have erased the record in the mortgage office to the extent of the reduction, cannot support a judgment against him throwing on him the costs of a suit, every issue in which has been decided in his favor. The proceeding was not one to erase or reduce an inscription, but to declare the simulation and nullity of the mortgage itself.

APPEAL from the Civil District Court, for the Parish Orleans. *Houston*, J.

*Singleton, Browne & Choate* for Plaintiff and Appellant.
*W. S. Benedict* and *Harry H. Hall* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. On the 16th of July, 1884, James Regan executed a mortgage on immovable property in this city in favor of Charles P. McCan, for $36,000, represented by two series of notes drawn by Regan to his own order and by him endorsed, viz: 1st. Three notes for $5500 each, payable one year after date. 2d. Three other notes for $6500 each, payable two years after date, all bearing interest only after maturity. The act contained a stipulation giving a preference and priority of mortgage in favor of the first over the second series of notes.

McCan became the owner of the first series of notes by paying to Regan the face value thereof less a discount of nine *per cent*. The other series of notes, though left in the hands of McCan, were held by him subject to the order of Regan and were designed to be negotiated by the latter to raise further means for use in his business. Regan, having failed to effect this negotiation, subsequently applied to McCan for a further loan on the second series of notes, and McCan agreed to take them to the extent of eight thousand dollars, provided that the notes should be reduced to that amount and cancelled as to the excess. Accordingly, he paid to Regan $8000 less a discount of nine *per cent*, took one of the notes for $6500 and another reduced to $1500, which reduction was duly endorsed on the note itself, and the third note was cancelled. The cancelled note was exhibited at the mortgage office, and record was made of the reduction of the mortgage by its amount; and though no similar exhibit or record was made as to the second note, yet the reduction inscribed on the note itself absolutely confined McCan's claim under the mortgage to the reduced amount and made it impossible for him to claim more,

The plaintiff bank, which, as the record indicates, only became a creditor of Regan after the date of all of the above transactions, having obtained a judgment against him and having seized the mortgaged property, filed a petition in said case against both Regan and McCan, charging that McCan's mortgage was a fraudulent simulation without any consideration or debt to support it, entered into for the purpose of covering up Regan's property and screening it from his creditors, and praying that said pretended mortgage be cancelled and annulled, and that petitioner be paid by preference out of the proceeds arising from the sale of the property.

To this petition McCan answered, setting forth the reality of his mortgage, but admitting that it had been reduced to the amount of $24,500.

Judgment was rendered in favor of plaintiff and against McCan, reducing his mortgage to $24,500 and otherwise maintaining it.

Plaintiff appeals and complains in Court that McCan's mortgage should be further reduced by the amount of the usurious interest charged by McCan in the transaction.

We do not see how this relief could be granted unless we should strike out Article 2924 of the Civil Code, which is in the following terms:

" The owner of any promissory note—to order or bearer—shall have the right to collect the whole amount of such promissory note—notwithstanding such promissory note may include a greater rate of interest or discount than eight per cent. per annum; provided, such obligation shall not bear more than eight per cent. per annum after maturity until paid."

McCan is undoubtedly the owner of these mortgage notes for $24,500, which bear no more than eight per cent. interest after maturity, and whatever rate of interest or discount was included in the consideration paid for them, he is nevertheless, under the mandate of the law, entitled to recover the whole amount of the notes.

McCan's representative has filed an answer to the appeal, in which he prays for an amendment of the judgment so as to cast the costs in the lower court upon plaintiff.

We think he is justly entitled to this relief. The judgment is not responsive to the pleadings nor to any issue involved in the case. This was not a proceeding to erase the inscription of an extinguished mortgage. It is an action to cancel and annul the mortgage itself as a fraudulent simulation. McCann has not claimed a mortgage beyond $24,500; on the contrary, in his answer to the petition, he distinctly

limits his claim to that amount. There was no issue between plaintiff and McCan as to any right of mortgage in excess of $24,500. The sole issue tendered and tried was as to whether McCann had any mortgage at all, or, if any, whether it was for as large an amount as the $24,500 claimed by him. The judgment decided and rightly decided that McCan was entitled to all that he claimed and plaintiff's assault upon the reality and *bona fides* of his mortgage was utterly unfounded. The judgment should have been one in favor of the defendant and rejecting plaintiff's demand. The mortgage had been actually reduced to $24,-500 before the suit was brought and this reduction was admitted in the answer. Therefore, the judgment in favor of plaintiff, reducing the amount of the mortgage to $24,500 was *dehors* the issue and only served to mulct the defendant in the costs of a suit, every issue in which was decided in his favor. There was no controversy about the erasure of the excessive inscription; no judgment was asked to that effect, and no such relief is even awarded by the judgment which only decrees the reduction of a mortgage which had already been effectually reduced before suit.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there be judgment in favor of defendent, Mrs. C. P. McCan, tutrix, and rejecting the demand of plaintiff at plaintiff's cost in both courts.