LAND, J.
Our Brothers below submit the following statement:
Plaintiff sues on a promissory note for the sum of $47.50, dated August 24, 1908, and payable one month after date, on which the sum of $11 has been paid on account, leaving a balance due of $36.50. This suit is for that balance, with interest at 8 per. cent, from maturity, and 20 per cent, thereon as attorney fees.
The defense set up is that the note contains usurious interest; i. e., interest beyond 8 per cent, per annum. It is admitted that defendant received only $25 for the note.
The question submitted is whether said note is usurious under the provisions of Act No. 68 of 1908, p. 83, amending and re-enacting article 2924 of the Revised Civil Code of 1870. This statute amended the text of said article by substituting “two years” for “twelve months” as the prescriptive period for the re *301 covery of usurious interest, and by adding the following proviso at the end of the article, to wit:
"'Provided, however, where usury is a defense in a suit on a promissory note or other contract of a similar character, that it is permissible for the defendant to show said usury whether same was given by discount or otherwise by any competent evidence.”
The statute, like the article, provides as follows:
“The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing'; testimonial proof of it is not admitted in any case.
“Except in the cases herein provided, if any person shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment.”
The next paragraph provides that the rate of interest or discount on notes, bonds, etc., may exceed 8 per cent, per annum. The next paragraph provides that a note, bond, etc., may include a greater rate of interest or discount than 8 per cent, per annum, provided such obligation shall not bear more than 8 per cent, per annum after maturity until paid.
The proviso is applicable only to cases “where usury is a defense” under the provisions of the statute, and lays down a rule of evidence “to show said usury.” This construction harmonizes all the provisions of the statute. It cannot be presumed that the lawmaker intended to enact contradictory legislation.
We therefore answer that the note sued on is not usurious.