No. 6363.

## HENRY L. HEYMANN vs. EDWARD B. REYNOLDS.

### Syllabus.

The holder of a promissory note has the right to collect the whole amount of such note notwithstanding such promissory note may include a greater rate of interest or discount than eight per cent per annum; provided such note does not bear more than eight per cent per annum interest after maturity.

Judgment reversed and judgment for plaintiff as prayed for.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 102,155. Honorable Porter Parker, Judge.

Joseph A. Casey, for plaintiff and appellant.

F. E. Echezabal, C. L. Walker, attorneys.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff claims from defendant the sum of one hundred and seventy-four dollars balance due upon the following note as maker thereof, viz:

"$284.00.        New Orleans, Oct. 31st, 1911.
"One month after date I promise to pay to myself or bearer two hundred and eighty-four 00/100 dollars, at ................. for value received with interest at the rate of eight per cent. per annum after maturity until paid, and 20 per cent. attorney's fees if this note be placed in the hands of an attorney for collection after maturity.

(Signed)   "E. B. Reynolds,

(Endorsed)   "E. B. Reynolds,
                "F. M. Hausner."

— 287 —

The defendant pleads that he signed said note as an accommodation to the endorser; he further pleads "lack of consideration, except to the extent of one hundred and ten dollars ($110.00) said sum being the only consideration given (as a loan) by plaintiff to the said co-defendant F. M. Hausner, and which sum of one hundred and ten dollars ($110.00) has been paid in full to plaintiff."

There was judgment for plaintiff, but a new trial was granted. The defendant then filed a supplemental answer in which he averred that he signed said note with the understanding that it was for the amount of $125.00, and that his signature was obtained through error on his part and through fraud and deception as to the amount for which he was obligating himself, and that there was not any consideration above $125.00 for said note; that he has already paid $110.00 and he believes Hausner has paid $25.00, which operates the full payment of said notes; he reiterated the allegations of his original answer and prayed for trial by jury.

There was a verdict and judgment for defendant.

A new trial was refused, and plaintiff has appealed.

1st. An accommodation maker is liable although he has received no consideration.

**Act 64 of 1904, p. 152, Sec. 29.**

2nd. The evidence establishes that plaintiff gave only $125.00 for the note which the defendant made and delivered to him for $284.00 of which the defendant reimbursed $110, leaving a balance due of $174. It is thus evident that the note of $284 included interest to the amount of $119, which was clearly usurious.

Can plaintiff recover this amount of usurious interest?

Section .... of Act 68 of 1908, p. 83, re-enacting Article C. C., 2924, provides:

> "That the owner of any promissory note * * * shall have the right to collect the whole amount of such promissory note * * * notwithstanding such promissory notes * * * may include a greater rate of interest or discount than eight per cent per annum; provided such obligations shall not bear more than eight per cent per annum after their maturities until paid."

This section is a reproduction almost in the same words of Act 62 of 1860, p. 41, and of Article C. C., 2924 of 1870.

In the case of **Roux vs. Witzman, 125 La., 300,** the Supreme Court said:

> "Act No. 68 of 1908, p. 83, makes no change in the usury laws as to discounts and capitalized interest permitted by Article 2924 Rev. Civil Code. The proviso of said statute merely lays down a rule of evidence applicable to cases where usury is pleadable under the provisions of said article."

The plaintiff in that case sued on a note of $47.50 on which $11 had been paid on account, leaving a balance due of $36.50. The suit was for a balance of $36.50 with 8 per cent interest from maturity and 20 per cent attorney's fees. It was admitted that defendant received only $25 for the note. The defense was usury. The Court said: "We therefore answer that the note sued on is not usurious."

In interpreting Article C. C., 2924, as amended by Act 62 of 1860, the Supreme Court said in **Leeds & Co., Liquidation, 49 A., 508:**

"We do not consider it even doubtful that a debtor and creditor can deal with their accounts as they chose, and compute and carry into a settlement thereof any amount of interest they please within the letter or reasonable intendment of that article. The only restraint it imposes on the contracting power of parties is that they shall not stipulate for the payment of more than eight per cent after maturity."

In the case of **Heirs of Williams vs. Sheriff, 47 A., 1285,** the language used was:

"In the condition of our law and jurisprudence, it would serve no useful purpose to discuss the right of a mortgagor and borrower to contract for the payment of a greater rate of interest than eight per cent, provided it be capitalized and carried into the obligation. We are of the opinion that it will be sufficient to merely recapitulate the authorities on that question. **26 A., 331; 37 A., 766; 40 A., 17; 46 A., 1119.** The only prohibition at present contained in the code on the subject of usurious interest is that contained in the proviso to Article 2924, viz: 'provided such obligation shall not bear more than eight per cent per annum after maturity until paid.' "

See also **26 A., 31, 33; 32 A., 1114; 42 A., 537, Rev. Stat., 337.**

3rd. In his supplemental answer the defendant pleaded "error," fraud, and deception as to the amount for which he was obligating himself. He testified that he applied to plaintiff for a loan of $125.00; that he signed a note in blank, believing that it would be filled up for that amount, but that it was subsequently filled for $284. The plaintiff denied this. Fraud is not presumed. The burden of proof was upon defendant to establish his allegation. He has failed, and he must bear the consequences of his imprudence in signing a note in blank, if

his testimony is correct. The plaintiff objected to the introduction of any testimony in support of the supplemental answer on the two grounds that it came too late and that it changed the issue. Perhaps he was right. But as the defendant did not support his allegations, we preferred to consider them, than to reject them on a technicality.

The judgment for the defendant is therefore reversed and it is now ordered that there be judgment in favor of the plaintiff, Henry L. Heymann and against the defendant Edward B. Reynolds for the sum of one hundred and seventy-four dollars with eight per cent per annum interest from November 30th, 1911, till paid, together with twenty per cent attorney's fees thereon and all costs of both Courts.

Opinion and decree, April 19th, 1915.