On December 11, 1946, defendant executed his promissory note payable to the order of bearer at the office of plaintiff, in the sum of $1,907.40, payable in twelve monthly installments of $158.95, each, the first installment being due and payable on January 11, 1947, and a like installment being due and payable on the 11th day of each month thereafter, until all installments are paid. The note provides for interest at the highest conventional rate (8%) at the maturity of each installment until paid, and for attorneys' fees of a minimum of twenty per cent. of the balance of principal and interest unpaid in the event of being placed in the hands of an attorney for collection or suit. The note further contains the usual acceleration clause, that is, if any one installment was unpaid on its maturity date, the entire balance of the note would immediately become due and payable. In order to secure the note, together with interest and attorneys' fees, the defendant executed, on the day and date of the note by authentic act, a chattel mortgage on a 1946 Crysler New Yorker Coupe automobile. The note is paraphed "Ne Varietur" by the Notary Public, to identify it with the chattel mortgage act.
The note and mortgage were taken and discounted by the plaintiff on the day and date of the note. The discount sheet shows that the following amounts were deducted: Discount $152.40, Insurance $105, and net cash to customer (defendant) $1,650. Defendant made regular monthly payments through September, 1947. He failed and refused to make the October, 1947, payment and he failed and refused to pay the subsequent installments. This suit was filed by the plaintiff for a judgment against the *Page 470 
defendant in the sum of $476.85, being the last three installments due and unpaid, together with interest at the rate of eight per cent. (8%) per annum from date of maturity of each installment until paid, and 20% on both principal and interest unpaid as attorneys' fees, with recognition of its chattel mortgage rights on the automobile.
The plaintiff obtained a writ of sequestration, sequestering the automobile. The defendant moved to set aside the sequestration, which motion was referred to the merits. He thereafter bonded the writ of sequestration. He then filed an exception of no right or cause of action, which was also referred to the merits. He thereafter filed his answer. His motion to set aside the writ, his exception of no right or cause of action and his defense to the suit is based on usury. In his answer he sets up a demand in reconvention for the amount which he had paid the plaintiff on the note.
The trial judge, in a written opinion, gave judgment in favor of plaintiff and against the defendant in accordance with plaintiff's demand. He also rejected defendant's reconventional demand. Defendant has appealed.
It is undisputed that the note was discounted at the rate of eight per cent. The question then arises whether such a transaction is illegal, striking the note with nullity and making it unenforceable.
The law governing conventional rate of interest in our State is Article 2924 of the Civil Code. Although that article lays down the rule that the amount of the conventional interest cannot exceed eight per cent., yet said article also provides exceptions to that rule, viz.: "The owner or discounter of anynote * * * payable to order or bearer or by assignment, shallhave the right to claim and recover the full amount of suchnote * * *, and all interest not beyond eight per cent per annum interest that may accrue thereon, notwithstanding thatthe rate of interest or discount at which the same may be ormay have been discounted has been beyond the rate of eight percent per annum interest or discount * * *
"The owner of any promissory note, * * * for the payment ofmoney to order or bearer or transferable by assignment shallhave the right to collect the whole amount of such promissorynote, * * * notwithstanding such promissory note, * * * may include a greater rate of interest or discount than eight per cent per annum; provided, such obligation shall not bear morethan eight per cent per annum after maturity until paid." (Italics ours.)
The Supreme Court and the Courts of Appeal of this State have had occasions to pass upon the very question herein presented and to consider Article 2924 of our Civil Code. Under the decisions of our Courts, it is now well settled jurisprudence that the holder of a promissory note may collect the face of the note notwithstanding such note may include a greater discount than eight per cent. per annum, provided such note does not have a greater rate of interest than eight per cent. after maturity. See La.Digest, (Dobbs-Merrill) Vol. 7, Usury, par. 5 and 6. The effect of Usury is the forfeiture of the entire interest so contracted. See La.Digest, Vol. 7, par. 19. The defense in this case cannot prevail.
In argument, orally and in brief, the defendant contends that the transaction herein attacked is also in violation of Sections 12 and 14 of Act 94 of 1942, the Small Loan Law. As this loan was for an amount in excess of $300, we fail to see any applicability of the Act to this loan. Article 2924 of the Revised Civil Code is the law governing the case.
Counsel for defendant ingeniously contends that the Small Loan Law, Act 94 supra, supercedes the provisions of Article 2924 of the Revised Civil Code. This may be true in so far as it may affect loans of $300 and less, but certainly it does not affect loans of over $300. We see no merit in defendant's contentions.
The next contention of defendant is that the trial judge erred in condemning him to pay 20 per cent. attorneys' fees in that plaintiff failed to introduce in evidence the chattel mortgage securing the note and cites the case of General Electric Contracts Corporation v. Murray, La. App., *Page 471 
20 So.2d page 19. This case is easily distinguishable from the present case. In that case, the note itself did not provide for attorneys' fees, but merely referred to a chattel mortgage which provided for attorneys' fees. In this case the note itself provides for a reasonable attorneys' fees at not less than twenty per cent. of the balance of principal and interest.
For these reasons the judgment appealed from is affirmed.