44 So.2d 702

**GENERAL SECURITIES CO., Inc., v. JUMONVILLE.**

No. 39039.

Jan. 9, 1950.

Rehearing Denied Feb. 13, 1950.

———◆———

L. C. Parker, Baton Rouge, for defendant-appellant.

Sargent Pitcher, Jr., Baton Rouge, for plaintiff-appellee.

FOURNET, Chief Justice.

The plaintiff, General Securities Co., Inc., upon the refusal of the defendant, J. E. Jumonville, to pay the eighth installment due on his note dated January 13, 1947, in the principal sum of $7,022.40, under the acceleration clause of the note instituted proceedings to recover the balance due— $2,926.28, plus interest and attorney's fees; and under a writ of sequestration seized the caterpillar diesel tractor and equipment on which it held a chattel mortgage to secure payment of the note. The defendant filed a motion to dissolve and set aside the sequestration on the ground that the plaintiff was proceeding on a usurious contract. He also filed exceptions of no cause or right of action. In his answer, contending that the transaction is an illegal one, being in direct violation of law and particularly of Act No. 94 of 1942 in that his note was discounted at a higher rate of interest than is permitted by the statute, defendant claimed that he was entitled to recover in reconvention the amount already paid the plaintiff, namely, $4,096.12, and prayed accordingly.

The trial judge, having referred the motion to dissolve the writ of sequestration and the exceptions to the merits, rendered judgment in favor of plaintiff as prayed for. Defendant has appealed.

On January 13, 1947, defendant executed a note for $7,022.40, payable to order of bearer in installments of $585.16 per month and a final installment of $585.70, conditioned to bear interest at 8% per annum from maturity and providing that failure to pay any installment would mature all remaining installments; and for 20% attorney's fees. The note was paraphed for identification with an act of chattel mortgage covering a caterpillar diesel tractor and equipment. The plaintiff acquired the note from the defendant at a discount of $772.40, or 11% of its face value, paying the defendant only $6,250.00. Monthly payments were made until September, 1947, at which time defendant declined to pay further, and this suit followed.

Defendant's argument that the Small Loan Law is controlling, since the plaintiff is operating as a "licensee" under that law, is without merit. As pointed out by the trial judge in his well considered opinion, Act No. 94 of 1942, commonly known as the Louisiana Small Loan Law, is clearly without application; for, as indicated by its title, the object of the act is "To provide for the licensing and regulation of the business of making loans in sums of Three Hundred Dollars ($300.00) or less, secured or unsecured, at a greater

rate of interest than eight per centum per annum; * * *," and a perusal of its provisions readily discloses that it is not opposite under the facts of this case.

The law governing usurious contracts is to be found in the Revised Civil Code, Chapter 3 of Title XII, "Of Loan," under the heading "Of Loan on Interest," the pertinent part of Article 2924 reading as follows:

"The amount of the conventional interest can not exceed eight per cent. * *

"*Except in the cases herein provided,* if any person shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment.

*   *   *   *   *   *

"The owner of any promissory note, bond or other written evidence of debt for the payment of money *to order or bearer* or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided, such obligation shall not bear more than eight per cent per annum after maturity until paid. * * *" (Emphasis supplied.)

The note sued on clearly comes within the above exception, and since it does not bear more than 8% interest after maturity it cannot be said to carry usurious interest. See Carruth v. Carter & Bro., 26 La.Ann. 331; Mutual Nat. Bank of New Orleans v. Regan, 40 La.Ann. 17, 3 So. 407; In re Leeds & Co., Ltd., 49 La.Ann. 501, 21 So. 617; Chadwick v. Menard, 104 La. 38, 28 So. 933; Lichtenstein v. Lyons, 115 La. 1051, 40 So. 454; Roux v. Witzman et al., 125 La. 300, 51 So. 205.

The defendant further contends that the plaintiff is without right to recover attorney's fees for the reason that "no specific fee is provided for in the note." The defendant is in error in this contention for the note specifically states: "It is further agreed that in the event this note is placed in the hands of an attorney for collection, we (maker) will pay, in addition to principal and interest according to the face of the note, a reasonable attorney's fee, which shall not be less than twenty per cent of balance, principal and interest * * *." Moreover, a certified copy of the chattel mortgage, made a part of the petition, contains the following: " * * * mortgagor binds himself to pay the fees of the attorney-at-law who may be employed for that purpose, which fees are hereby fixed at twenty per cent (20%) of the amount due and exigible * * *."

For the reasons assigned, the judgment appealed from is affirmed.