ELLIS, Judge.
The plaintiff is the holder and owner, for valuable consideration, before maturity, of one certain promissory note made by the defendant. The suit seeks judgment against the defendant for the amount of the note plus 8% per annum interest from maturity, 20% additional as attorneys fees, and the recognition of a chattel mortgage securing the note.
Upon a trial below judgment was rendered in favor of the plaintiff as prayed for and the defendant has appealed.
The note sued upon was made for $589.50 but was subject to certain credits reducing the face value at the time of the suit to $490.90. It bore 8% per annum interest from its maturity, which was December 1, 1955. There was a further stipulation for 20% on the aggregate sum of principal and. interest as attorneys fees and all costs of court. The chattel mortgage securing the note was upon a used automobile and certain furniture.
The defendant filed an answer in which all of the material allegations of the petition were denied. Affirmative defenses were set forth that, (1) she executed the note in order that her minor son could buy the automobile, but with the understanding that if he did not pay she would, not have to; that, (2) included in the note is interest in excess of the legal maximum rate, and, (3), included in the note is a $30 item due by her divorced husband.
The first affirmative defense is urged upon the ground that since the defendant told the plaintiff that she was signing merely so her son could purchase the automobile and she both could not and would not pay it if the minor did not, that the note was taken under such circumstances that no enforceable obligation arose out of the transaction. There is evidence in. the record to the effect that she did make such statements to the representative of the plaintiff who handled the matter, but he denied he ever agreed to such a condition. This witness stated he told the defendant she would be totally responsible for the note.
Of course the introduction of parole evidence to vary the terms of the note violates the parole evidence rule, but that part of the evidence dealing with this defense was not objected to when it was first forwarded. Later, similar evidence was sought to be introduced and an objection was made. The court stated such evidence varied the terms of the written instrument, but that he would admit the later evidence in view of the fact that some testimony to the same effect was already admitted without objection. Even if all of this testimony be admitted the defendant has not proven this defense, and upon this point we find no manifest error below.
In considering the second affirmative defense, we find the note was payable* to the order of “bearer” and provided interest after maturity at 8% per annum.-Consequently, we must consider Article 2924 of the LSA-Revised Civil Code and the jurisprudence thereunder. This Article provides, in part:
“The owner or discounter of any note or bond or other written evidence of debt for the payment of money, pay *489 able to order or bearer or by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt and all interest not beyond eight per cent per annum interest that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent per annum interest or discount; but this provision shall not apply to the banking institutions of this State in operation under existing laws.
“The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid.”
This same defense was urged in General Securities Co., Inc., v. Jumonville, La., 44 So.2d 702. There, our Supreme Court, in interpreting the last paragraph of the quoted Code Article, decided the note sued upon clearly came within the exception set forth in the paragraph, and since it did not bear more than 8% per annum interest after maturity, was not usurious. Authorities are quoted, 44 So.2d at page 703, of this case.
This Court, in General Securities Co., Inc., v. Jumonville, La.App., 37 So.2d 469, 470, stated:
“The Supreme Court and the Courts of Appeal of this State have had occasions to pass upon the very question herein presented and to consider Article 2924 of our Civil Code. Under the decisions of our Courts, it is now well settled jurisprudence that the holder of a promissory note may collect the face of the note notwithstanding such note may include a greater discount than eight per cent, per annum, provided such note does not have a greater rate of interest than eight per cent, after maturity. See La.Digest, (Dobbs-Merrill) Vol. 7, Usury, pars. 5 and 6. The effect of Usury is the forfeiture of the entire interest so contracted. See La.Digest, Vol. 7, par. 19. The defense in this case cannot prevail.”
In connection with the last affirmative defense, we ■ do not find that a failure of consideration was pled. However, the record would not bear out such a contention. Certainly, the defendant did execute a promise to pay the item she now contends was owed by her former husband. Such a promise is binding.
For these reasons, the judgment appealed from is affirmed.