144 So.2d 600 (1962)
Helen Palmer WILLIAMS
v.
ALPHONSE MORTGAGE CO. et al.
No. 251.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Comiskey & Schaff, James A. Comiskey, New Orleans, for plaintiff-appellant.
*601 Gertler, Hart & Duran, Joseph W. Nelkin, David E. Hogan, New Orleans, for Alphonse Mortgage Co., composed of A. Lester Sarpy, Mrs. Thelma Hirschwitz Sarpy, and Mrs. Sarah Drury Hirschwitz, defendants-appellees.
Before AYRES, DAWKINS, and ALLEN, JJ.
AYRES, Judge.
This is an action to recover all interest paid on debt contracted in the form of a promissory note on a basis that the interest was usurious. The claim is predicated upon LSA-R.S. 9:3501 and LSA-C.C. Art. 2924.
The statutory provision reads as follows:
"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
The article of the code fixes the legal rate of interest at 5% per annum and the conventional rate at not to exceed 8% per annum, but, otherwise, as pertinent hereto, recites:
"* * * The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferrable [transferable] by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note [,] bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid. * * *"
The facts, either conceded or established by the evidence, may be briefly stated. Plaintiff borrowed from the defendant, on December 23, 1958, $6,000.00, which loan was evidenced by her promissory note executed in the principal sum of $10,248.48, secured by two acts of mortgage encumbering certain-described realty in the City of New Orleans. The note was payable in 36 monthly installments of $284.68 each, commencing one month after date and bearing interest at the rate of 8% per annum from maturity until paid. On the date of the loan, the defendant executed a letter in which it was recited that, in the event the loan was paid prior to maturity, a rebate of 30% of the unearned interest would be made. On this loan, plaintiff made three of the aforesaid monthly payments under dates of February 5, March 13, and April 29, 1959. On May 20, 1959, a payment of $9,679.12 was made which, together with the three monthly payments previously made, aggregated $10,533.16. This discharged the note in its entirety. Pursuant to the letter referred to, a refund of $780.46 was made to plaintiff. Thus, plaintiff claims that the sum collected and retained of $3,752.70, in excess of the loan obtained, was usurious interest and should be refunded in its entirety.
The defense to plaintiff's action is that defendants purchased plaintiff's note at a discount, and that the laws upon which plaintiff relies have no application. This defense was sustained and plaintiff was denied recovery; hence, she prosecutes this appeal
Whether the amount in controversy be denominated interest or discount appears to be of no importance, for the aforesaid codal authority is applicable to either or both. The amount collected and retained herein was $9,752.70, a sum less than the principal of the note. The article of the code provides that the owner of any promissory note payable to order or bearer or transferable by assignment may collect the full amount of the note, even though it includes, in its principal sum, a greater rate of interest or discount than 8% per *602 annum, provided, of course, that it bears no greater rate than 8% per annum after maturity.
The aforesaid statutory provision and codal article have been interpreted by the appellate courts of this State on numerous occasions. Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702; Jefferson Securities Co. v. Benoit, La.App. 1st Cir., 1957, 92 So.2d 487; General Securities Co. v. Jumonville, La.App. 1st Cir., 1948, 37 So.2d 469; 35 T.L.R. 276. Under the aforesaid authorities, it appears to be well settled in the jurisprudence that a holder of a promissory note may collect the face of the note, notwithstanding that such note may include a greater discount than 8% per annum, provided that such note does not bear a greater rate of interest than 8% per annum after maturity.
Since the note herein sued upon is payable to the order of the maker and by her endorsed in blank, it comes clearly within the exception provided in the language of the codal article hereinabove quoted, and, since it does not bear more than 8% interest after maturity, it cannot be said to carry usurious interest within the intendment of the statute permitting recovery thereof by the debtor. General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702, 703; Roux v. Witzman, 125 La. 300, 51 So. 205; Lichtenstein v. Lyons, 115 La. 1051, 40 So. 454; Chadwick v. Menard, 104 La. 38, 28 So. 933; In re Leeds & Co., 49 La.Ann. 501, 21 So. 617; Mutual Nat. Bank of New Orleans v. Regan, 40 La.Ann. 17, 3 So. 407.
As observed hereinabove, the note was payable to the order of the maker and by her endorsed. Thus, the note payable to order and by her endorsed was, in fact, payable to bearer and transferable by assignment.
Nor do we find any merit in the distinction attempted to be drawn between interest payable "from maturity" and interest payable "after maturity." Appellant contends that a distinction could result in the imposition of interest for one additional day. The words "from" and "after," as relate to the payment of interest, appear, thus, to be synonymous. It was apparently so held in McWilliams v. Comeaux, 135 La. 210, 65 So. 112, where the court observed:
"It is well settled in our jurisprudence that to `reckon from' a particular day means that the reckoning begins from and after, and does not include, the day reckoned from. * * *"
Counsel for appellant would point out that the rate of interest exacted by the defendant was exorbitant and unconscionable. From this, we would conclude we are urged to consider the inequity of the situation from her standpoint and, on the basis of equity, to grant her relief. However,
"The distinction of laws into odious laws and laws entitled to favor, with a view of narrowing or extending their construction, can not be made by those whose duty it is to interpret them." LSA-C.C. Art. 20.
In civil matters, it is only in the absence of expressed law that the courts may provide and decide according to equity. LSA-C.C. Art. 21.
In the instant case, the law is expressed; the jurisprudence is in accord therewith. Our duty as an inferior appellate court is clear. We are afforded neither an alternative nor a right of discretion. As pointed out by the author in the article appearing in the aforesaid Tulane Law Review, the matter of the exemption of interest and discount from the usury laws is a subject addressing itself to the legislative branch of the Government.
The judgment appealed is, accordingly, affirmed at plaintiff-appellant's cost.
Affirmed.