SAMUEL, Judge.
This suit, coupled with the sequestration of an automobile, is on a promissory note held by plaintiff and secured by a chattel mortgage on the automobile. Defendants deny the obligation, plead fraud and usury, and reconvene for damages resulting from plaintiff’s alleged illegal procedure and seizure.
The note in suit is in the amount of $2,-952.00, signed by one of the defendants and endorsed by the other, and payable to the order of the plaintiff in 36 consecutive monthly installments of $82.00 each beginning April 10, 1960, with interest at 8% from maturity. The balance due and unpaid was $1,122.00 but plaintiff has remitted the sum of $130.00 in order to confer jurisdiction upon the First City Court for the Parish of Orleans. The suit is for $992.00, with interest and attorney’s fees as stipulated in the note, and for recognition and prior payment of its lien and privilege on the seized automobile.
The note, which included the sum of $307.56 paid by plaintiff for life and car insurance policies, had been given in settlement of an indebtedness due by the defendants to plaintiff and growing out of a prior note used to finance the purchase of the automobile.
The price of the automobile, a new Pontiac, was $3,133.14 less a trade of $202.00, leaving a balance of $2,931.14. Defendant paid plaintiff $500.00, which was immediately applied to their account, and plaintiff paid the price of the car to the Pontiac dealer. It also paid $260.31 in life and car insurance making a total financed of $2,691.-45. In return therefor it received defendants’ note, in the principal amount of $4,-200.00, payable in 23 monthly installments of $75.00 each, plus a final “balloon” installment of $1,975.00, with 8% interest after maturity. Defendants paid all 23 installments, plus an additional $75.00, amounting to a total of $1,800.00, but were unable to pay the last impossible installment *250 and it was this indebtedness which was financed by the note in suit.
Defendants have appealed from a judgment in favor of plaintiff as prayed and dismissing the reconventional demand.
The record contains some testimony by the defendants themselves to the effect that they did not thoroughly understand the transactions. But defendants had had considerable previous experience with loans and loan companies and, with one exception, we are satisfied that they did understand. The exception was in connection with the $500.00 payment made on the first loan and note at the time they purchased the car. Defendants apparently were under the impression they did not receive credit for that payment. The record is quite clear that such credit was received and recorded in defendants’ pass book as the first entry therein. The trial court found as a fact that there was no proof, or insufficient proof, of fraud and we agree with that finding.
 Counsel for defendants has strenuously urged the defense of usury. While we agree with much of his argument concerning LSA-C.C. Art. 2924 (see Williams v. Alphonse Mortgage Co., La.App., 144 So.2d 600, 602; 35 Tul.L.Rev. 276), and while it is quite clear that in each case the notes were discounted in excess of 8% per annum, it is the settled jurisprudence of this state, including jurisprudence of the Supreme Court of Louisiana, which we must follow, that a promissory note payable to order or bearer or transferable by assignment cannot be said to carry usurious interest when such note does not bear more than 8% per annum interest after maturity, notwithstanding the fact that such note includes a greater discount than 8% per an-num. Williams v. Alphonse Mortgage Co., supra; Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; Jefferson Securities Co. v. Benoit, La.App., 92 So.2d 487; General Securities Co. v. Jumonville, 216 La. 681, 44 So. 2d 702; see Roux v. Witzman, et al., 125 La. 300, 51 So. 205; Lichtenstein v. Lyons, 115 La. 1051, 40 So. 454; Mutual Nat. Bank of New Orleans v. Regan, 40 La.Ann. 17, 3 So. 407.
For the reasons assigned, the judgment appealed from is affirmed; costs in this court to be paid by the defendants-appellants.
Affirmed.