YARRUT, Judge.
Plaintiff seeks recovery of $1911.20, balance of a refund alleged to be due him for the premature payment in ten months of a second mortgage note, by its terms payable in 36 monthly installments. From a judgment in his favor for $1727.30 Defendant has taken this appeal.
The undisputed facts are: On January 27, 1961, Plaintiff borrowed $4500.00, secured by second mortgage on his home, the first mortgage of $20,000.00 being held by an insurance company. The note and mortgage was for $7556.04, the excess of $3056.-04 being capitalized discount and interest. The note was payable over 36 months in monthly installments of $209.89, with 8% interest only from maturity.
Ten months after its execution, being in default on both the first and second mortgages, he sold his home and Defendant received from the notary executing the sale the full balance due thereon, surrendering the note for cancellation.
*621 Plaintiff alleges that contemporaneously with the execution of the note dated January 27, 1962 and the act of mortgage with which said note is identified, an oral agreement was entered into between him and Defendant, whereunder Defendant specifically agreed that upon payment by Plaintiff of the said note as stipulated before maturity, Plaintiff would be entitled to a refund of the proportionate unearned capitalized interest and discount for the period from date of payment of said note to the date of maturity thereof; and that on February 23, 1962, Defendant wrote Plaintiff a letter that, during the year 1961, Plaintiff had paid “interest” on the said note dated January 27, 1961 in the amount of $311.68 and sent a check to cover.
Defendant denied such an agreement but in its answer alleged that in a spirit of compromise, and in an effort to retain the good will of Plaintiff and keep alive the possibility of his returning to do business again, and in full discharge and settlement of whatever claim or claims Plaintiff may have had for any and all refunds, Defendant did rebate to said Plaintiff as set forth in Plaintiff’s petition.
At the outset, we must observe that both parties concede there is no question of usury, since the note was discounted, hence we will pretermit any discussion of the jurisprudence which is in accord therewith.
The sole issue is whether parol evidence was properly admitted by the Trial Judge to prove a collateral and contemporaneous agreement between the parties that Plaintiff would be entitled to a refund in case of premature payment of the note. It is true that LSA-C.C. Art. 2276 provides:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
The jurisprudence has modified the rule to permit parol evidence in such cases as is ■discussed in Vol. 1, La.Law Rev. 460, entitled “Evidence — Admissibility of Parol to Prove a Contemporaneous Collateral Agreement.”
However, in this case it is only necessary to rely upon parol evidence to prove a written ambiguous admission by Defendant. After the payment of the note, the manager of Defendant wrote a letter to Plaintiff advising him that during the year 1961 Plaintiff paid $311.68 “interest,” for which a check was enclosed as a refund.
This letter and remittance was a written acknowledgment and confession that a refund was due Plaintiff for the premature payment of the note. Plaintiff then was entitled to prove by parol that the amount tendered was not in keeping with the contemporaneous verbal agreement.
Regarding the extent of the agreement, only Mr. Saia testified for Defendant. Defendant’s manager, who made the refund in writing, did not testify. Plaintiff and Saia testified as follows:
Plaintiff testified the agreement was made with Mr. Saia (representing Defendant) when the note was executed, to the effect that, if the note was paid at the end of two years, there would be a one-third reduction, and a two-thirds reduction in the discount if paid in one year. When asked what he understood by this reduction, he explained it would be “the difference between $4500.00 and the $7550.00 note, less what had been paid in payments.”
When Saia was asked under cross-examination :
“Q. Did you all make any agreement as to any rebate or unearned discount in the event he paid it off prior to maturity?,”
he answered:
“A. I pointed out that the ledger card says no plan made but I did mention we would make him a rebate of some kind.”
*622 The District Court believed Plaintiff’s explanation of this refund by Defendant, and since Defendant’s manager, who wrote the letter, did not testify to explain the reason for the refund, we cannot hold the District Court was manifestly in error in so doing.
For the reasons herein assigned, the judgment appealed from is affirmed, Defendant to pay costs in both courts.
Affirmed.