170 So.2d 924 (1965)
Mrs. Merlie THOELE, Wife of/and Frederick F. CLASEN
v.
EXCEL FINANCE CAUSEWAY, INC.
No. 1682.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1965.
Rehearing Denied February 8, 1965.
Writ Refused March 29, 1965.
Stone, Pigman & Benjamin, Ewell P. Walther, Jr., New Orleans, for defendant-appellant.
Steeg & Shushan, Rader Jackson, New Orleans, for plaintiffs-appellees.
*925 Before REGAN, YARRUT and TURNER, JJ.
REGAN, Judge.
Plaintiffs, Mr. and Mrs. Frederick F. Clasen, filed suit against the defendant, Excel Finance Causeway, Inc., to recover the sum of $1,931.20, representing the interest and charges which they paid on a loan made to them by the defendant.
In its answer, the defendant maintained its right, with one exception,[1] to retain the full amount charged by them.
After a trial on the merits, the lower court rendered judgment in favor of the plaintiffs for $1,931.20. From that judgment, the defendant has prosecuted this appeal.
The record reveals that on January 12, 1963, the plaintiffs executed a promissory note in favor of the defendant in the amount of $3,744.00, bearing interest at the rate of 8% per annum from maturity until paid. They received $2,000.00 in cash, the balance representing capitalized interest in the amount of $1,464.36, $55.00 for notarial fees, and $224.64 for credit life insurance.[2]
This note was secured by the pledge of a collateral mortgage note, paraphed for identification with a $6,000.00 collateral mortgage. In November of 1963, the plaintiffs obtained homestead re-financing of the mortgages which existed on their home. They then negotiated with the defendant for the re-payment of their loan, and requested the defendant to make a pro rata rebate in computing the amount due on the note. The defendant refused, and in addition it required plaintiffs to pay a 5% prepayment penalty in conformity with a clause contained in the collateral mortgage.
The plaintiffs paid the amount demanded by the defendant under protest and then filed this suit. Plaintiffs base their right to recover herein on three theories. They contend (1) that the interest charged was usurious; (2) that an obligor who prepays an obligation containing capitalized interest is entitled to a credit for a part thereof as a matter of law; and (3) that an agent of the defendant entered into an agreement with them to refund a part of the interest in the event of prepayment.
The record leads us to the inevitable conclusion that the foregoing contentions are without merit.
Plaintiffs are quite correct in contending that 8% is the maximum rate of contractual interest,[3] and that any charge in excess thereof results in the forfeiture of the entire interest so contracted.[4] However, *926 the rule has long been established that a holder of a promissory note may collect the face value thereof, notwithstanding that it may include a greater discount than 8% per annum, provided that it does not bear a rate of interest of more than 8% per annum after maturity.[5]
Plaintiffs further argue in the alternative that the above rule is not applicable since the defendant collected an amount greater than the face value of the note. This contention is predicated on the fact that the defendant refused to surrender the note unless the plaintiffs paid a 5% prepayment penalty contained in the collateral mortgage.[6] Since the collateral mortgage note was not involved in the transaction in question, it is undisputed that the 5% prepayment penalty provided for in the collateral mortgage was not due and owing by the plaintiffs. The defendant readily admits that this amount was collected by them through error. Under these circumstances, it is obvious that the money collected under the penalty clause of the collateral mortgage was separate and distinct from the amount collected pursuant to the original note given by the plaintiffs. Therefore, this sum cannot be added to the amount of the note in order to place it in the category of a usurious transaction.[7]
In conformity with the plaintiffs' second contention, the lower court was of the opinion that the rationale appearing in the case of Berger v. DeSalvo[8] required a proportionate rebate of interest on a note that is paid prior to the expiration of its full term at the sole election of the borrower. However, an analysis of the Berger case reveals that the refund must be made only when the creditor initiates the prepayment of the loan.[9]
The third contention poses for our consideration the question of whether the record discloses any proof of the existence of an agreement between the defendant and the plaintiffs to the effect that a part of the capitalized interest in the note would be refunded upon the prepayment thereof. The only indication of such an agreement is contained in the testimony of Mr. and Mrs. Clasen. A. J. Gumina, Jr., who dealt with the plaintiffs on behalf of the defendant, denies that any agreement existed.
Suffice it to say that even if the plaintiffs' testimony were accepted in its entirety, the evidence offered by them is so vague and nebulous relative to the terms of such an agreement that this court could not give any effect thereto. However, we are in full accord with the defendant's assertion that parol evidence offered to support the existence of such an agreement is not admissible herein. In the case of Fudickar v. Inabnet,[10] the organ of the court stated the applicable rule as follows:
"It appears, therefore, that the clear purpose of the excluded testimony was to show, not want of consideration for the issuance of the note, but that at the time the note was executed an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself.
"The general rule covering the controverted question presented here is set forth in an exhaustive annotation appearing in 71 A.L.R. 550, wherein many *927 decisions of the courts of the United States and of a number of the states are cited in its support, as follows, viz.: `It is the general rule, supported by many decisions, that parol or extrinsic evidence is inadmissible to show a prior or contemporaneous agreement that a note or bill of exchange in the ordinary form, providing for the payment of a certain sum of money, may, or should be, paid or discharged in some other mode or manner, or in some other medium, than that specified on the face of the instrument.'"
Counsel for the plaintiffs relies upon the rationale emanating from the case of Glass v. Alphonse Mortgage Co.,[11] as authority for the admission of parol evidence herein. Counsel has apparently misinterpreted the reasoning therein. In the Glass case, there was a written admission by the finance company, in the form of a letter acknowledging the existence of an agreement to refund a certain amount of the interest on the note involved therein. The plaintiff claimed that pursuant to their agreement he was entitled to a larger refund than was remitted by the defendant. The court admitted testimony relative to the oral agreement because:
"This letter and remittance was a written acknowledgment and confession that a refund was due Plaintiff for the premature payment of the note. Plaintiff then was entitled to prove by parol that the amount tendered was not in keeping with the contemporaneous verbal agreement."
This factual situation is, quite obviously, not present herein. The plaintiffs are simply endeavoring to alter the meaning of an unambiguous instrument by virtue of the introduction of parol evidence.
In view of what we have said hereinabove, we are of the opinion that the lower court erred in admitting parol evidence relative to the existence of an agreement between the plaintiffs and the defendant for a rebate of the capitalized interest upon the prepayment of the loan, and in concluding that this evidence constituted adequate proof of such an agreement.
For the foregoing reasons, the judgment of the lower court rendered in favor of the plaintiffs, Mr. and Mrs. Frederick Clasen, is hereby amended by reducing the amount thereof from $1,931.20 to $187.20, representing the sum paid by them in accordance with the penalty clause contained in the collateral mortgage, together with interest from date of judicial demand until paid, and as amended it is affirmed.
All costs of these proceedings are to be paid by the defendant.
Amended and affirmed.
NOTES
[1] The defendant admits that it did not possess the right to charge $187.20 under a penalty clause contained in the collateral mortgage executed by the plaintiffs.
[2] Counsel for plaintiffs contends in a supplemental brief that the breakdown into the categories of interest, notarial fees, and credit life insurance was not made in the trial court, and that the entire amount of $1,744.00 represents capitalized interest. While we feel that this contention is incorrect, it is immaterial whether or not the entire amount represents interest, in view of our holding that there is no limit to the amount of capitalized interest which may be added to the principal on a promissory note. Thus the result hereof would not be affected even if we were to fully accept plaintiffs' contentions.
[3] LSA-Civil Code art. 2924.

In this connection we might add that the development of the law of usury in Louisiana has been slow and unsatisfactory. The innumerable statutes that were passed and made a part of this article of the Code have unnecessarily complicated the subject. It appears that many of the cases emanating from our appellate courts are in error in their conclusions relative to usury. In any event, a statute should be enacted placing a maximum on the charge for the use of money to cover discount and capitalized interest, and it should be written so that its meaning is crystal clear.
[4] LSA-R.S. 9:3501.
[5] See Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; Williams v. Alphonse Mortgage Co., La.App., 144 So.2d 600.
[6] It is admitted by the defendant that this penalty was computed incorrectly.
[7] In addition, the Civil Code classifies penal clauses as secondary obligations entered into for the purpose of enforcing a primary obligation, and does not classify them as interest. See LSA-Civil Code art. 2117 et seq.
[8] La.App., 156 So.2d 323 (1963).
[9] See Williams' Heirs v. Douglass, 47 La. Ann. 1277, 17 So. 805 (1895).
[10] 176 La. 777, 146 So. 745 (1933).
[11] La.App., 157 So.2d 620 (1963).