HALL, Judge.
Plaintiffs sued defendant for $1,000.00 alleged to be due them in connection with a loan or advance which they had made to defendant. There was judgment on the merits denying plaintiffs’ demands and dismissing their suit, and they appealed.
*158 The principal issue presented is one of fact viz.’ was the $1,000.00 a bonus for making the loan or was this sum to be paid only out of profits from opening up a gravel pit?
Defendant who was engaged in the dredging business had contracted to develop a gravel pit. The business was actively managed by his wife, Mrs. Cecilia Murphy. On October 22, 1962 Mrs. Murphy approached the co-plaintiff, Joseph Soab, with whom she was well acquainted, and explained that she was desperately in need of $1,140.00 with which to purchase the necessary parts for a dredge' which had broken down. She was unable to obtain a conventional loan because of her company’s poor financial condition and apparently poor credit rating.
Mrs. Murphy testified that she told Soab she stood to make a profit on the gravel pit of around $4,000.00 or better and that if he would make the loan that she would give him twenty-five per cent of the profits or $1,000.00 in addition to repaying the loan of $1,140.00. She remarked, significantly in our opinion: “That’s the way of the original deal.”
Soab admitted that Mrs. Murphy tried to interest him in making a deal on the pit but testified that he told her he was not at all interested in a share of the profits of the pit. He further testified that he finally consented to lend her the $1,140.00 for the dredge parts but with the specific understanding that he would receive $1,000.00 as a bonus. According to his testimony Mrs. Murphy replied: “All right Joe, I need the money. I will give you $1,000.00.”
Mr. Lee White the other co-plaintiff, who was present at this conversation, was brought into the arrangement by Soab. It was agreed between them that White would issue his check for $1,140.00 for the dredge parts (he being indebted to Soab for approximately half the amount) and that the two would divide the $1,000.00 bonus.
Accordingly White issued his check for $1,140.00 payable to Equitable Equipment Company and delivered it to Mrs. Murphy. In return Mrs. Murphy gave plaintiffs her check for $2,140.00 post-dated approximately thirty days. Thereafter Soab and Mrs. Murphy went across the street to a restaurant operated by Robert Huth, a mutual friend, to whom they related the financial arrangement which had just been made.
At the expiration of the thirty day period plaintiffs called on Mrs. Murphy to honor the $2,140.00 check. She explained that She was short of cash at the time and could not pay the entire amount, but gave them two checks totalling $1,140.00 as repayment of the loan, which they later cashed. She also at the same time gave them two undated checks for $500.00 each, representing the amount promised them, but instructed them to hold the latter checks for a short time until she could get her hands on further funds. In exchange for the four checks plaintiffs surrendered the $2,140.00 check to her and she destroyed it.
The two $500.00 checks bear on their faces the words “For interest charged” and on the back of each there is a notation reading: “To be deposited when La. Ind. check received.” Defendant was expecting further payments from Louisiana Industries for which concern the gravel pit was being developed.
The two $500.00 checks have never been honored and plaintiffs filed this suit to collect the $1,000.00.
Plaintiffs’ version of the agreement between the parties was that Mrs. Murphy agreed to pay them $1,000.00 as a bonus for the loan. Defendant’s version is that plaintiffs loaned the $1,140.00 with the understanding that they would receive twenty-five per cent of the profits to be derived from the development of the gravel pit, and since there were no profits defendant owes nothing. In the alternative defendant pleads usury.
*159 Since the Trial Judge gave no reasons for rejecting plaintiffs’ demands we do not know whether he believed defendant’s version of the agreement or whether he thought that the arrangement was usurious.
In our opinion the record supports the plaintiffs’ version. In the first place if the arrangement was for a share of the profits and not for the payment of a $1,000.00 bonus, why did Mrs. Murphy give plaintiffs’ a post-dated check for $2,140.00 and why did she later place on the $500.00 checks the notation “For interest charged”? At the time the two $500.00 checks were given the pit was not completed and if the arrangements were for a share in the profits how was it determined that twenty-five per cent of the profits would be $1,000.00?
As has been stated, immediately after the loan was made Mr. Soab and Mrs. Murphy went to see their mutual friend, Mr. Huth, who operated the Skyvue Restaurant, and both told him about the deal. Reporting their conversation with him, Mr. Huth confirmed that Mrs. Murphy really needed the money badly; that she had originally proposed that plaintiffs take a share of the profits in return for the loan but that this was rejected and that the final agreement was for the payment of $1,000.00 as a bonus.
Defendant contends that Mrs. Murphy apparently understood that the consideration for the loan was a share of the profits. He also points to the fact that the check for the $1,140.00 loan was made payable, not to the defendant, but to Equitable Equipment Company which was to furnish the parts for the dredge repairs, and argues that this shows the plaintiffs were vitally interested in seeing that the funds loaned were not diverted from the gravel pit project. He also makes reference to the fact that plaintiffs’ original petition referred to the $1,000.00 as “representing their proportionate interest in the profits anticipated.” This was later changed by amendment, and plaintiffs’ attorney took the witness stand and in our opinion fully explained how the error in the original petition came about.
We are of the opinion that the evidence taken as a whole preponderates in favor of plaintiffs.
With reference to defendant’s alternative defense of usury we are of the opinion that when Mrs. Murphy borrowed the $1,140.00 and gave plaintiffs her postdated check for $2,140.00 the transaction amounted to a discounted loan valid under the provisions of LSA-C.C. Art. 2924 which reads in part:
“The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferrable (transferable) by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note (,) bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per an-num; provided such obligation shall not bear more than eight per cent per annum after maturity until paid.” See also: General Securities Co., Inc. v. Jumonville, La.App., 37 So.2d 469; Williams v. Alphonse Mortgage Co., La.App., 144 So.2d 600.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the plaintiffs, Joseph Soab and Lee White, jointly and against the defendant, Lamont T. Murphy, in the full sum of $1,000.00 together with legal interest thereon from date of judicial demand until paid, and all costs of both Courts.
Reversed and rendered.