## MOURAIN *v.* DELAMRE.

Although in ordinary partnerships each partner is entitled to interest on all sums advanced by him, he cannot claim conventional interest on those sums without an agreement in writing by the other partners to pay it. The circumstance that conventional interest was charged in the books kept by the party who claims it, and in the accounts rendered by him to the plaintiff from time to time, cannot, in partnerships of this kind, be considered proof of such an agreement.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Lacoste*, for the appellant. *Provosty* and *L. Janin*, for the defendant. The judgment of the court was pronounced by

ROST, J. This is an action for the settlement of accounts of an ordinary partnership formerly existing between the parties. The District Court gave judgment in favor of the defendant for the sum of $2695, with legal interest, and the plaintiff appealed.

The accounts of the parties were, on the application of the plaintiff, referred to an auditor, who discharged his duties with great care, and made a lucid and well considered report. The plaintiff opposed it on various grounds, and upon that opposition the judgment appealed from was rendered. The following grounds alleged in the opposition, are insisted upon on the appeal: 1st. It is

urged that the plaintiff was erroneously charged with one half the household expenses incurred by the defendant's family while she boarded and lived there. The defendant avers that these charges are made in conformity with her stipulations in the verbal contract of partnership existing between them, and that they were included in the accounts rendered by him to the plaintiff from time to time, and received by her without opposition being made to these items. Admitting, as contended by the plaintiff's counsel, that the first of these facts is not satisfactorily shown, and that there was no contract in relation to the plaintiff's expenses in the defendant's family, she was bound to pay her board, and the amount charged to her would certainly not exceed its value.

2d. The plaintiff complains that the defendant has been allowed $887 56, without proof.

This item is made up of two notes of the plaintiff, each for the sum of $173 50, which the defendant alleges he has paid, and of a variety of articles stated to have been procured by him for her private use. The notes and articles composing this item are found in the accounts rendered to the plaintiff. It is not shown that she ever objected to them, and it is in evidence that the defendant was in the habit of making purchases of that description, and paying debts for her. This acquiescence on her part, and this course of dealing establish, *primâ facie*, the defendant's claim.

3d. The plaintiff avers that the judgment erroneously allows the sum of $1133 25, for interest at the rate of ten per cent per annum.

We consider this ground well taken. The partnership existing between the parties was not a commercial partnership, nor were either of the partners merchants; and, although in private partnerships each partner is entitled to interest on all sums advanced by him, he cannot claim conventional interest on those sums without an agreement in writing of the other partners to pay it. The circumstance that the conventional interest was charged in the books kept by the defendant and in the accounts rendered by him to the plaintiff from time to time, cannot, in partnerships of this kind, be considered as proof of such an agreement. The interest must be reduced from ten to five per cent.

The objection that this, being a suit for the settlement of a partnership, the court cannot inquire into the private accounts existing between the partners, is clearly untenable, and the other errors alleged in argument were not specified in the opposition to the report of the auditor, and cannot be noticed.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant in reconvention, and against the plaintiff, for the sum of $2128 37½, with legal interest from the 24th March, 1846, till paid, and the costs of the District Court; those of this appeal to be paid by the defendant and appellee.