(138 So. 515)

## CONVERSE v. DICKS.

### No. 30153.

Nov. 30, 1931.

William C. McLeod, of New Orleans, for appellant.

Louis R. Hoover, of New Orleans, for appellee.

OVERTON, J.

This is a suit on two promissory notes, made by defendant, one for $6,500, and the other for $3,000, both bearing 8 per cent. per annum interest from maturity, and both containing clauses to pay 10 per cent. attorney's fees if the notes should be placed in the hands of an attorney for collection after maturity.

The defense to the note of $6,500 is that it is without consideration, and the defense to the note of $3,000 is that it has been paid. There is a reconventional demand for $2,030.70, with 8 per cent. per annum interest from May 4, 1928, until paid, less a credit of $421.61.

While the note for $6,500 was given supposedly in settlement of six notes, aggregating, in principal, the sum of $6,500, it is defendant's position that, when he gave the $6,500 note, he did so under the belief, induced by plaintiff, that he had not paid the principal of the six notes, for which the note, now sued on, for $6,500, was given, when, as a matter of fact, he had then paid, not only the interest due on the six notes, but had also overpaid the principal thereof to such an extent as not only to satisfy a balance of $421.16 on the $3,000 note, also sued upon, after the allowance of all payments, made directly on that note, but also to such an extent as to entitle him to a judgment in reconvention against plaintiff for $1,609.54.

On the trial of the case, plaintiff introduced in evidence the $6,500 note and the $3,000 note sued on, and rested. Defendant then introduced in evidence a number of checks, drawn by him, to establish that he had, during a period of four or five years, not only paid the principal and interest of the six notes for which the $6,500-note was given, but had overpaid the six notes sufficiently, after allowing credits, by payment, on the $3,000 note, to satisfy the balance due on that note, and to entitle him to the judgment in reconvention for $1,609.54.

On the cross-examination of defendant, plaintiff sought to show that there was a ver-

bal agreement between him and defendant, whereby defendant agreed to pay a higher rate of interest than the 8 per cent., agreed to in the six promissory notes which defendant was urging were greatly overpaid when the $6,500 note, sued upon, was given, and that the payments made were made under that verbal agreement, and were sufficient, in view of the agreement, to pay only the interest on those notes, thereby leaving the principal of the six notes, which formed the consideration of the $6,500 note sued upon, unpaid.

Defendant objected to parol evidence to show that he had agreed to pay a higher rate of interest than the 8 per cent., agreed upon in the notes. This objection was sustained, the sustaining of which, in plaintiff's view, caused the trial to result in his favor only for the sum of $531.10, with 8 per cent. interest and 10 per cent. attorney's fees on that sum. Plaintiff, being dissatisfied with the judgment, has appealed.

The only question presented by the appeal is the correctness of the foregoing ruling of the trial court, touching the admissibility of parol evidence, where the purpose of the evidence is not to enforce payment of conventional interest, but to show that amounts paid from time to time, were paid voluntarily in discharge of an oral agreement to pay conventional interest, the object in view being to show that the amounts paid were not imputable, in any part, to the principal, but to the interest alone, although the interest was usurious.

To show the correctness of the ruling of the trial judge, defendant cites article 2924 of the Civil Code, as that article was amended and re-enacted by Act 68 of 1908. This article fixes the rate of legal or judicial interest at 5 per cent. per annum. subject to an exception in favor of banks, unnecessary to mention, and contains a provision, prohibiting conventional interest from exceeding 8 per cent. per annum, and requiring that such interest be established by written evidence; the provision so providing reading: "The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing; testimonial proof of it is not admitted in any case."

If this were a case in which plaintiff were seeking to recover conventional interest by parol evidence, article 2924 of the Civil Code would apply to prohibit him from doing so. Gerspach & Herring v. Mullin, 25 La. Ann. 599; Mourain v. Delamre, 4 La. Ann. 78. However, this is not such a case, but is one in which the plaintiff is seeking to show, by oral evidence, as appears from the question propounded, that a verbal agreement existed to pay conventional interest, exceeding the amount recited in the notes, pursuant to which defendant made the payments, thereby imputing the payments himself to the discharge of the verbal agreement. Plaintiff had the right to show the purpose for which the payments were made, and, in doing so, to show the verbal agreement, under which they were made, for he had a right to establish the circumstances surrounding the payments. Allen, West & Bush v. Nettles, 39 La. Ann. 788, 2 So. 602; Sentell & Co. v. Kennedy, 29 La. Ann. 679, 683, 684. The objection should have been overruled, and plaintiff permitted to show, if he could, by parol evidence, the circumstances under which the payments were made. He had an interest in showing those circumstances, for the payments were made, from time to time, during a period of approximately five years, and therefore, although the amounts, if paid as interest, were paid in discharge of a usurious contract, nevertheless, since article 2924 of the Civil Code provides that usurious interest paid cannot be recovered unless sued for within two years

from the date of payment, plaintiff, upon establishing the facts advanced by him, would be in position to defeat defendant's demand to have such payments, or any part of them, now imputed to the principal of the old notes.

The judgment is set aside, and the case is remanded to be proceeded with according to the views herein expressed, defendant to pay the costs of this appeal, and the remaining costs to abide the final decision of the case.