151 So. 75

**CONVERSE v. DICKS.**

No. 32075.

Oct. 30, 1933.

See, also, 176 La. 805, 146 So. 891.

Louis R. Hoover, of New Orleans, for appellant.

William C. McLeod, of New Orleans, for appellee.

OVERTON, Justice.

Defendant indorsed for her brother, Arthur H. Dicks, six promissory notes. The first was dated June 6, 1922, and the last, March 20, 1926. Each note bore upon its face 8 per cent. yearly interest from maturity until paid, and contained a clause, waiving demand, protest, and notice of protest, and provided for 10 per cent. attorney's fees. Arthur H. Dicks transferred each of the six notes to plaintiff in consideration for a loan, and made a verbal agreement with plaintiff, at the time arrangements were made for the loan, to pay, in addition to the 8 per cent. interest running from maturity, interest at the rate of 2½ per cent. a month, which, it is needless to say, was usurious interest.

Arthur H. Dicks paid this usurious interest up to February 14, 1927. On that day Dicks approached plaintiff for an additional loan of $3,000. Plaintiff consented to make the loan of $3,000, if Dicks would consolidate the six notes, aggregating $6,500 into one note of that amount, with defendant as indorser thereon, and also deliver to him a note for $3,000 for the loan to be made, with the same indorsement. Dicks agreed to comply with these requirements, and did so by delivering the two notes with defendant as indorser thereon. These notes contain a waiver of demand, protest, and notice of protest, and also a clause for 10 per cent. attorney's fees. As was the case with the six notes, consolidated into the note of $6,500, there is a verbal agreement to pay, in addition to interest at the rate of 8 per cent. per annum on the principal from maturity, interest at the rate of 2½ per cent. a month. Defendant had no knowledge whatever of the verbal agreement to pay this usurious interest, and none that it was being paid. It is upon the notes for $6,500 and $3,000 that this suit is brought. Plaintiff makes no reference in his petition to the usurious interest.

The defenses, as presented to this court, are that defendant, who has, since the execution of the two notes sued upon, become insane, and is now under interdiction, is released from all obligations on the two notes, first, by reason of the agreement, operating to her injury, and entered into without her

knowledge and consent, to pay 2½ per cent. monthly interest, and, secondly, if this be not well founded, then that she is entitled to have all payments made by Arthur H. Dicks to plaintiff on account of the notes, on which she was indorser or surety, imputed, first, to the payment of interest at 8 per cent. per annum, and, secondly, to the reduction of the principal of the notes.

There was judgment below against defendant for $6,235, with interest at the rate of 8 per cent. per annum from May 4, 1928, together with 10 per cent. attorneys' fees.

Arthur H. Dicks, the maker of the notes, is not a party to this suit, for the reason that he was sued in a separate suit on the notes. On appeal the suit against him was remanded to the lower court for the introduction of evidence as to the parol agreement to pay usurious interest. Converse v. Dicks, 173 La. 707, 138 So. 515. On the second trial of the case, the lower court rendered judgment for plaintiff for the same amount that it rendered against defendant herein. No appeal has been taken from that judgment.

Defendant urges that she is a surety on the two notes sued upon, and not an indorser. She also urges that the alteration in the amount to be paid in discharge of the notes, which she contends was effected without her knowledge, by the oral agreement between Arthur H. Dicks and plaintiff to pay 2½ per cent. monthly interest on the notes, discharged her from all obligations thereon.

We think it unnecessary to determine whether defendant is an indorser, meaning an indorser for accommodation, or a surety, since in this instance the result will be the same. In neither event is this defense well founded in law. It is not well founded, because the oral agreement is invalid and not enforceable. The agreement is invalid, not only because it was not reduced to writing, it being an agreement to pay conventional interest (Civil Code, art. 2924), but for the reason that the rate of interest orally agreed to is usurious. Civil Code, art. 2924, as amended and re-enacted by Act No. 68 of 1908. The oral agreement being invalid and unenforceable, it could not have had the effect of altering the obligation arising from the notes. All that defendant may look for is to force plaintiff to impute to the 8 per cent. conventional interest, agreed to in the notes, and to the principal therein, the 2½ per cent. usurious interest, paid by Arthur H. Dicks to plaintiff within two years from the date that demand was made that this be done. Civil Code, art. 2924, as amended and re-enacted by Act No. 68 of 1908. This imputation the trial court has made. Hence it has allowed judgment for only $6,235 on a demand for $9,500. Defendant has no legal cause to complain.

The judgment is affirmed.