MORIAL, Judge.
On October 31, 1972 plaintiff, Mrs. Virginia West Karmgard, was advanced the sum of $35,000 by defendant, Southland Mortgage and Title Company. Pursuant to this advance plaintiff executed a promissory note to defendant’s order in the amount of $41,300 with interest from maturity until paid at the rate of 8% per an-num payable in 12 consecutive monthly installments. The first installment was to commence one month after date of the note and payments were to be monthly thereafter until paid. Installments 1 through 5 were to be in the amount of $700 each; installment 6 in the amount of $18,200; installments 7 through 11 in the amount of $350 each; and the twelfth and final installment in the amount of $17,850.
Mrs. Karmgard made the first four payments when they became due. She failed, however, to make the next two payments as scheduled. Defendant, though did not exercise its rights under the acceleration clause of the note. The payment schedule apparently was renegotiated to substitute a $700 payment for the sixth installment with $700 to be paid every month thereafter. Plaintiff then remitted seven additional $700 payments as they became due.
Plaintiff alleges that pursuant to the renegotiation they also agreed all payments would be attributed to interest, not principal, and the principal would remain constant at $35,000; and any time she could make a $35,000 payment the note would be paid off in full. The trial judge ruled that evidence of this agreement was violative of the parol evidence rule and allowed evidence of it only by way of proffer.
At the maturity of the note, plaintiff was unable to pay the remaining balance of $33,600. Accordingly, on October 31, 1973 she executed a second note in the amount of $43,400 with interest from maturity until paid at the rate of 8% per an-num. That note provided for 12 consecutive monthly payments, the first beginning one month after date. There were to be 11 monthly payments of $700 and a twelfth monthly payment of $43,400. The trial court held this twelfth payment to be a mutual error and reformed the figure to read $35,700.
Plaintiff made ten monthly payments of $700 on this note. On or about August 28, *120 1974 plaintiff paid the note in full with the sum of $35,700 (remaining balance minus a $700 rebate for early payment).
Plaintiff brought this suit seeking the forfeiture by defendant of the sum of $15,400—the total of all payments made over and above the $35,000 originally advanced—claiming that the interest charged exceeded the percentage allowed by law. LSA-R.C.C. Art. 2924, LSA-R.S. 9:3501. The trial court dismissed plaintiff’s suit at her cost holding she had failed to prove the interest charged was other than discounted or capitalized interest. Plaintiff appeals. We affirm.
Plaintiff alleges the trial court erred in excluding testimony of the oral modification of the first note, and in reforming the final payment of the second note on the ground of mutual error.
Louisiana law permits the recovery of discounted and/or capitalized interest (regardless of amount) included within the face amount of a note, provided such obligation shall not bear interest at more than 8% per annum after maturity until paid. LSA-R.C.C. Art. 2924; Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973). Accordingly, on its face the first note is not usurious because the law considers the entire amount (interest and principal) as principal.
Plaintiff contends that under the subsequent oral modification of the note all monthly payments were to be treated as interest. We find no merit to this contention. We believe though the trial judge erred in excluding evidence as to the oral modification. The provisions of LSA-R. C.C. Art. 2924 do not act as an absolute bar to the admission of all parol testimony tending to vary the terms of a note. Converse v. Dicks, 173 La. 707, 138 So. 515 (1931). A subsequent agreement which modifies an earlier written agreement may by proved by parol testimony. Lawson v. Donahue, 313 So.2d 263 (La.App. 4 Cir. 1975).
A careful examination of the proffered evidence reveals no agreement by defendant to treat payments as plaintiff suggests. Such an agreement by defendant would be totally unrealistic and impractical in the business world. Plaintiff bases her argument mainly upon a ledger sheet kept by defendant. This sheet lists all of plaintiff’s payments as interest and states “no principal payments made.” The trial judge explained the reason for this categorization as being a bookkeeping method of the mortgage company. We agree. Although capitalized interest is treated as principal under LSA-R.C.C. Art. 2924, it retains its character as interest (taxable income) to the recipient. 26 U.S.C.A. § 61(a)(4); LSA-R.S. 47:42, subd. A. We believe that such a bookkeeping procedure is acceptable in this type of business and does not evidence in any manner the alleged agreement to alter the application of payments on the note.
Plaintiff next contends the second note was usurious on its face and that the trial court erred in its reformation. We do not agree for it is quite obvious that the note’s final payment of $43,400 was in error. The twelfth installment alone could not equal the entire face amount of the note.
The face amount of this note was $43,400 and its terms called for 11 monthly payments of $700. A simple mathematical computation results in an intended final payment of $35,700. Plaintiff herself admitted that she understood the final payment was to be $35,700 (although she stated she was never informed of any error) and in fact that amount was actually paid in liquidation of the note. Courts may reform contracts to make them comply with what the parties intended where, because of error, the written contract does not set forth the intention of the parties. Branch v. Acme Homestead Ass’n, 169 So. 129 (Orl.App.1936). Clearly, the contract here did not set forth the will of the parties. Accordingly, the trial judge was correct in reforming the instrument.
*121 For the foregoing reasons, the judgment of the district court is hereby affirmed.

AFFIRMED.

LEMMON, J., concurring.
REDMANN, J., dissenting.