360 So.2d 560 (1978)
PEOPLE'S NATIONAL BANK OF NEW IBERIA
v.
Henry A. SMITH, Jr.
No. 9021.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Leon J. Minvielle, III, New Iberia, for plaintiff-appellee.
John L. Diasselliss, III, LaPlace, for defendant-appellant.
Before GULOTTA, BEER and GARSAUD, JJ.
GULOTTA, Judge.
This matter involves a suit on a promissory note. The issues stipulated between the parties are as follows:
1) Whether the interest charged by plaintiff is usurious;
2) Whether plaintiff can recover attorney's fees in its suit against defendant on the note;

*561 3) Whether plaintiff can collect 25% attorney's fees stipulated in the note.
Suit was brought for a default in payment on a $215,000.00 note dated September 22, 1975 payable to the order of the plaintiff bank 60 days after date and bearing 8% interest from date of maturity (November 22, 1975).
The note was a renewal of an earlier loan in the sum of $215,000.00. On August 8, 1974, defendant executed a note in favor of plaintiff in the sum of $224,675.00 payable in six months and providing for 8% interest from maturity. The plaintiff bank issued to defendant a certified check in the sum of $215,000.00. The note was not paid at maturity (February 8, 1975) and on March 20, 1975, the loan was renewed. A new note in the sum of $224,675.00 was signed and defendant paid interest in the sum of $11,272.69.[1] The renewal note was payable in six months and provided for 8% interest from date of maturity (September 20, 1975).
On September 22, 1975, the loan was renewed by the execution of the $215,000.00 note, the subject of this suit. On the same date, defendant paid interest totalling the sum of $13,258.33 which included $9,675.00 for the prior six-month period (March 20, 1975 September 22, 1975) and an additional $3,583.33 interest (prepaid interest from September 22, 1975 to November 22, 1975). The vice president of the plaintiff bank testified that this prepaid interest amounted to approximately 10% per annum. No amount was paid by defendant on the principal.
The trial judge rendered judgment in favor of plaintiff for the amount of the principal and interest owed but rejected plaintiff's claim for stipulated attorney's fees. Defendant appeals from that part of the judgment which awards interest to plaintiff. Citing LSA-R.S. 9:3501,[2] defendant claims that the 10% capitalized interest payment in the sum of $3,583.33 is in excess of the maximum interest amount allowable (8%) under LSA-C.C. art. 2924 and is therefore usurious. Defendant claims that plaintiff has forfeited entitlement to any interest under LSA-R.S. 9:3501.
Plaintiff, in answer to the appeal, claims error on the part of the trial judge in failing to award judgment against defendant for the 25% attorney's fees stipulated in the note.

USURIOUS INTEREST
We find no merit to defendant's argument that the $3,853.33 prepaid interest payment made on September 22 is usurious. Paragraph 7 of LSA-C.C. art. 2924 provides, among other things, that a promissory note may include "a greater rate of interest or discount than eight percent per annum; provided such obligation shall not bear more than eight percent per annum after maturity until paid. . . ." The Louisiana Supreme Court in General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702 (1950) was confronted with a note discounted at 11% of its face value providing for 8% from date of maturity (as in our case). In holding that the note did not include usurious interest, the court said:
"The note sued on clearly comes within the above exception [Paragraph 7, LSA C.C. art. 2924], and since it does not bear more than 8% interest after maturity it cannot be said to carry usurious interest. * * *"
See also Karmgard v. Southland Mortgage and Title Company, 341 So.2d 1109 (La. 1977); Paulat v. Pirello, 353 So.2d 1307 (La.1977).
Defendant contends, however, that in those cases where discounted, capitalized or *562 prepaid interest in excess of the 8% maximum has not been held to be usurious interest, the amount of the discounted interest has been included in the face amount of the note. Because the discounted interest in our case, i. e., the $3,853.33, was not included in the face amount of the note, defendant contends the discounted interest is usurious. Defendant relies on the language of the Supreme Court in Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973), stating that recovery of discounted or capitalized interest in excess of the maximum amount is allowable when included within the face amount of the note.
It is true, as pointed out by defendant, that the Supreme Court makes reference to capitalized interest included within the face amount of the note; nevertheless, we have not been cited, nor have we found, any cases which specifically hold that the discounted interest is usurious under all circumstances if not included in the face value of the note.
A significant factual distinction exists between the cited cases [3] and our case. In the Thrift Funds case, the Supreme Court was confronted with a $650.00 loan for which the debtor signed a note for the amount of $1,152.00 payable in 48 installments. The note included hidden charges included among which were "late charges". Extension fees were provided for to be paid by the debtor. The Supreme Court, in affirming decisions of the trial and appellate courts, concluded that the late or default charges were usurious and prohibited by law. In the Thrift Funds case in referring to the late charges, the court said:
"* * * They are just as clearly illegal and usurious interest, because collected at a rate far in excess of the 8% per annum from `maturity' . . . ."
Clearly late fees which are chargeable after maturity when added to the maximum interest provided by law constitute usurious interest. This, in effect, as we view it, is the import of the holding in the Thrift Funds case. Clearly this case is factually distinguishable from our case.
In Karmgard v. Southland Mortgage and Title Company, supra, the Louisiana Supreme Court found that interest payments, paid monthly, in excess of the amount borrowed ($35,000.00) for which a note was executed in the sum of $41,300.00 including the capitalized interest were usurious. The court concluded that the monthly payments totalled an amount in excess of the amount stated in the note which included prepaid capital interest ($41,300.00). In our case the principal amount of the loan was $215,000.00. The prepaid capitalized interest amounted to $3,583.33. Although the note was not in the sum of $218,583.33 (which would have included on its face the principal and prepaid capitalized interest), the debtor prepaid the interest on the date the note was executed and the face amount on the note properly included only the principal amount, i. e., $215,000.00. The debtor in the instant case, unlike in Karmgard, did not pay capitalized interest plus an additional amount in excess of the principal and capitalized interest but prepaid only the stipulated interest before maturity. As a consequence, the note properly included on its face only the principal owed.
We do not find the decisions in the Clasen case, supra, and the Williams case, supra, cited by defendant, to be inconsistent with the conclusions reached in the instant case.
We recognize that the aforementioned cases construing LSA-C.C. art. 2924 make reference to capitalized interest included within the face amount of the note. However, to find usury in our case because the face of the note did not include capitalized interest plus principal would lead to an untenable result. The debtor, having paid the agreed-upon interest in advance at the time of executing the $215,000.00 note, now complains that the note should have been *563 made in the sum of $218,583.33 rather than the principal amount only of $215,000.00. We find no merit to this contention. If, after having paid the interest in advance, the note had included, in addition to principal, the capitalized interest, defendant indeed would have cause for complaint. Such is not the case here.
Under the circumstances, we conclude the interest charge is not usurious.

ATTORNEY'S FEES
The trial judge "denied" plaintiff's request for the stipulated 25% attorney's fees. We find no difficulty in concluding that plaintiff is entitled to an award for attorney's fees; however, more perplexing is the problem of the amount of the attorney's fees to be awarded. Our dilemma is caused by an awareness of the well settled jurisprudence that the payee of a note is entitled to recover attorney's fees as stipulated in the note. See Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833 (1934); General Securities Co. v. Jumonville, supra; Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669 (1970).
If we were to apply those decisions, our answer would be relatively simple by awarding the stipulated attorney's fees. However, the amount of the fees is in excess of $53,000.00. Although we recognize the jurisprudence relating to stipulated attorney's fees, we cannot conclude that those cases contemplated an award for the excessive[4] amount of fees in this case.
A fee of over $53,000.00 to collect this note is "in excess of a reasonable fee". In this instance, the attorney filed a twopage petition, a one-page answer to a reconventional demand, a one-page answer to an exception, an argument on the exception, a two-page memorandum in relation to the exception, a motion for summary judgment and a six-page memorandum in support of the motion for summary judgment. He participated in a trial which consisted of fifty pages of transcript; and he filed a four-page post-trial memorandum. He also participated in a thirteen-page deposition. Although the attorney diligently pursued this claim for his client, as noted above, nevertheless, we believe that the fee here violates the specific provisions of the Code of Professional Responsibility, and is against public policy.
The attorney himself, in a letter dated about three weeks prior to filing suit, addressed to the debtor, stated:
"Accordingly, demand is made upon you herewith for payment of this note in full not later than December 5, 1975. This includes the principal amount of $215,000, and interest of $621.11 if payment is received by December 5, 1975, I will accept one-half of 1% of the total of principal and interest due as a minimal attorney fee for payment within the allotted time. The attorney fee would thus be $1078.10."
The stipulated 25% attorney's fees are simply not justified and are excessive in the instant case.
*564 Although judicial economy[5] suggests that a reasonable amount of attorney's fees be assessed by this court, we are not in a position to do so. We deem it more appropriate to remand the matter to the trial court solely for the purpose of hearing evidence on the amount of attorney's fees to be awarded. Consistent with the above, that part of the judgment in favor of plaintiff in the sum of $215,000.00 plus 8% interest computed from November 22,1975 until paid is affirmed. That part of the judgment denying attorney's fees is reversed. The matter is now remanded solely for a hearing and determination of the amount of the attorney's fees to be awarded to plaintiff.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] The interest paid is computed as follows: $9,675.00 for the first six-month period (which according to the vice president of the plaintiff bank amounts to 9% capitalized, discounted or prepaid interest from the date of the note to the date of maturity) and $1,597.69 (which is 8% interest from date of maturity, February 8, 1975 to date of renewal, March 20, 1975).
[2] LSA-R.S. 9:3501 provides:

§ 3501. Forfeiture of interest
"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
[3] Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973); Karmgard v. Southland Mortgage and Title Company, 331 So.2d 118 (La.App. 4th Cir. 1976), reversed by the Louisiana Supreme Court at 341 So.2d 1109 (La.1977); Clasen v. Excel Finance Causeway, Inc., 170 So.2d 924 (La.App. 4th Cir. 1965), writ refused, 247 La. 619, 172 So.2d 702 (1965); Williams v. Alphonse Mortgage Co., 144 So.2d 600 (La.App. 4th Cir. 1962).
[4] See Code of Professional Responsibility, DR 2-106, Fees for Legal Services, which, in pertinent part, states:

"(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent."
[5] See Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).