411 So.2d 576 (1982)
LEENERTS FARMS, INC.
v.
Kenneth R. ROGERS, et al.
No. 14610.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Writ Granted May 21, 1982.
*577 Ernest L. Parker, Bean, Rush & Parker, Lafayette, for plaintiff-appellant.
John F. Fant, Adams, Fant & Wyche, Shreveport, for defendants-appellees.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Plaintiff-appellant, Leenerts Farms, Inc., appeals the judgment of the trial court sustaining the exception of no cause of action filed by defendants-appellees, Kenneth R. Rogers, Crystal Winney Rogers, Joe Bob Rogers and Mary Baker Rogers.
Appellees were holders of a promissory note in the amount of $550,000.00 which was secured by a mortgage executed by the appellant herein.
Appellees, in a suit entitled Kenneth R. Rogers, et al. v. Leenerts Farms, Inc., sued for executory process against the appellant and an order was issued by the District Court directing the sheriff to seize and sell the mortgaged property at public sale.
On the day the property was to be sold at public auction, appellant paid to the sheriff the sum of $440,031.57 which represented full payment and which included $72,755.26 "... representing full payment of attorney's fees called for by the promissory note...." The payment of attorney's fees was made under written protest.
After such payment, appellant brought the present suit seeking One Million and No/100 ($1,000,000.00) Dollars in damages against the appellees for their alleged attempt to force the appellant to transfer mineral interests in the property in exchange for the right to pay the amount admittedly due on the promissory note and mortgage held by the appellees; for their refusal to accept a payoff under any circumstances and in attempting to improperly force the public sale of the immovable property; and for their failure to accept a tender made by the appellant and cancel and erase the mortgage from the public records as paid in full. Appellant's petition alleges that, due to the appellees not accepting a proper payoff pending the public sale of the immovable property, he suffered damage to his credit and standing in the business community and incurred attorney's fees and expenses in protecting his property interest and in prosecuting these proceedings.
Appellees filed an exception of no cause of action alleging that their actions were governed solely by the terms of the note and mortgage referred to by appellant and that appellant's allegations fail to disclose any cause of action in tort or in contract or upon any other basis of liability. The trial court sustained the appellees' exception and dismissed appellant's suit. Appellant timely perfected the instant appeal.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. All well-pleaded facts of the petition must be accepted as true, with all doubts being resolved in favor of the sufficiency of the petition to state a cause of action. Every reasonable interpretation must be accorded *578 its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir. 1980).
The issue, therefore, in this appeal is whether appellant's petition states a cause of action for damages or for the return of all or part of the attorney's fees paid under protest.
If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Company, supra.
As to the attorney fee issue, the appellant relies on the case of People's National Bank of New Iberia v. Smith, 360 So.2d 560 (La. App. 4th Cir. 1978) and contends that the trial court erred in concluding that a promissory note providing for attorney's fees in the amount of 20% of principal and interest is an enforceable contract between the parties where the amount of the attorney's work involved in collecting the note does not allegedly warrant or justify the amount of attorney's fees provided for in the note.
The note provides that "... they further agree to pay all attorney's fees incurred in the collection of this note, or any portion hereof, including interest, which fees are hereby fixed at twenty percent of the amount to be collected."
The case of Fidelity National Bank of Baton Rouge v. Pitchford, 374 So.2d 149 (La.App. 1st Cir. 1979) is dispositive of this issue. In that case, we found the case of People's National Bank of New Iberia, supra, to be inconsistent with the established jurisprudence of Louisiana as expressed in the Supreme Court case of W. K. Henderson Iron Works & Supply Co. v. Meriwether Supply Co., 178 La. 516, 152 So. 69 (1934). Therefore, we again hold that when the services of an attorney are necessary for the collection of an obligation which is not paid at maturity and the attorney's fees are stipulated, the attorney's fees become due in full when the obligation is not paid, regardless of the extent of value of such services. Fidelity National Bank of Baton Rouge, supra.
As to the cause of action for damages, while appellant does not assign as error the trial court's dismissal of its claim for damages, we note that La.C.C.P. arts. 2340[1] and 2724[2] afford a remedy to appellant for halting the public sale of its property.
We conclude that a reasonable interpretation of the language of appellant's petition does not entitle it to any remedy under any theory of law and, therefore, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.
NOTES
[1] La.C.C.P. art. 2340:

"The sale of the property may be prevented at any time prior to the adjudication by payment to the sheriff of the judgment, with interest and costs."
[2] La.C.C.P. art. 2724:

"The provisions of Articles 2333 through 2335, and 2337 through 2381, relating to a sale of property under the writ of fieri facias, shall apply to a sale of property under the writ of seizure and sale."